*Birchard, J.
This case was supposed to present the question, whether the public right to a road is lost, by the encroachments of an adjacent owner for the period of twenty-one years. We think, however, it may be disposed of without deciding that point. The bill of exceptions does not show an actual adverse possession, by any person for a period of twenty-one years; and therefore the question, whether the public right can be barred by our statute of limitations, does not necessarily arise. Whether the maxim, “ nullum tempus occurrit regi,” is applicable or not to a highway, should be left to be determined when,- by a proper case, it is required.
As the road was laid out in 1794, and a part of its width only was used up to the period when the defendant found it necessary to open it to its full width, it is claimed that the public right to that part, which so remained unoccupied, was lost by non-user.
It is not doubted that a right to a highway may be so lost. The law would raise a presumption of-an extinguishment of the right, when the road had been abandoned for a long period.
But this record shows a continued use of the part of the road left open, and there is nothing to authorize the presumption, that any portion of it had been abandoned or would not be occupied as soon as the public convenience should require. The encroachments of the creek, at the time the transaction complained of occurred, rendered it necessary that the full width of sixty feet should be thrown open. The public had been deprived of a part of the original road for about eighteen years previous, by the encroachments of the adjacent owner. He had no reason to suppose such portion was lost by this encroachment, or the right to it in anywise impaired, nor was it so lost or impaired. The supervisor performed no more than his duty in opening it, and the court of common pleas did right in sustaining him.
Judgment affirmed.